WILEY LOTT et al. *v.* R. E. COLLINS, by Next Friend.

**Judgment — Right of Counsel to Enter — Consent — Pleadings Withdrawn.**
> A defendant has the right to withdraw his pleadings and consent for his attorney to have judgment entered against him and his sureties, even though a motion to quash the attachment had been sustained.[1]

**Same — Errors in — Value of Articles Replevied.**
> A judgment against sureties on a replevy bond is erroneous unless it is shown that the value of the articles replevied has been ascertained separately.

An attachment was sued out by R. E. Collins before a justice of the peace of Clark county, against the estate of Wiley Lott, *alleg-*

---

1

The failure to appoint a guardian *ad litem* for an infant in a chancery suit for the sale of his land is not such an error as renders the decree absolutely void. Therefore it cannot be collaterally attacked. McLemore *v.* Railroad Co., 58 Miss. 514; Cocks *v.* Simmons, 57 Miss. 183.

An attorney of record may, on verbal authority from plaintiff, enter a *remittitur* of a judgment, or if plaintiff is a corporation, on verbal authority from its president. Case *v.* Hawkins, 53 Miss. 702.

A client, without the consent of his attorney, may compromise with the defendants, and dismiss his suit in an action for damages for assault and

*ing* an indebtedness of $300 and property amounting to $219 was levied upon by the sheriff, and was bonded out by Lott, with Jere Saunders and W. W. Fulgham as sureties. Shortly afterward an alias attachment was sued out by R. E. Collins against said Lott, returnable to the Circuit Court of Clark county. Still later, and before the next term of the said Circuit Court, a declaration was filed, styled R. E. Collins *v.* Wiley Lott, charging that the said Lott had burned or caused to be burned a ginhouse and its contents belonging to plaintiff, to his damage in the sum of $700, and praying for judgment therefor. On the trial of the cause, the defendant pleaded "Not guilty," and a motion to quash the attachment was sustained. Several days later, and during the said term of the court, defendant Lott entered into an agreement with plaintiff, dated February 14, 1884, agreeing that the motion to quash the attachment be withdrawn, and a judgment entered in favor of plaintiff for the sum of $250 and costs of court against defendant and Jere Saunders and W. W. Fulgham, bondsmen, though no proof as to the value of the goods attached was made.

This agreed judgment was entered against defendant by his attorney under a power of attorney which he executed to W. H. Hardy, signed December 15, 1883, and filed August 20, 1884. On August 19, 1884, plaintiff dismissed his judgment against Jere Saunders and W. W. Fulgham, bondsmen, as to the costs of the court.

From the judgment for $250, defendants appeal.

battery, and this, though he agrees in retaining the attorney not to compromise without his consent. Mosely *v.* Jamison, 71 Miss. 456, 14 So. 529.

While an attorney is not the general agent of his client in all matters that may arise in the progress of the cause or the collection of a claim intrusted to him, and cannot compromise by accepting less than the full amount due, yet he may take all steps necessary to insure collection, and has the power to control all legal process and to compromise or release an attachment or garnishment or other lien which may accrue in the progress of the cause, though as collateral thereto and not belonging to the original demand. As to these, he is not required to consult with his client at every step, or before a settlement or compromise is made. Levy *v.* Brown, 56 Miss. 83.

. Where an attorney employed by a nonresident to collect a claim recovers judgment against the debtor and procures a garnishment thereon, wherein judgment is obtained against the garnishees, which judgment is afterward enjoined upon the ground that the garnishees have made a mistake in their answer admitting indebtedness, and the attorney, without further express employment, but with the knowledge and consent of the creditors, represents.

APPEALED from Circuit Court, Clark county, S. H. TERRALL, Judge.

Affirmed in part and reversed and remanded in part, February 23, 1885.

*Attorneys for appellant, Woods & McIntosh.*

*Attorney for appellee, O. B. Collins.*

Brief of Woods & McIntosh:

\* \* \* In Rushing *v.* Rushing, 52 Miss. 332, this court held that whilst such a judgment was error that it would not reverse the case because no objection was made below. But in Thomason *v.* Wadlington, 53 Miss. 563, it held that such a judgment should be reversed notwithstanding no objection was made below.

In this case, there was no verdict of the jury at all. Nothing was submitted to the jury. There was no judgment upon the attachment by default or otherwise, nor was there any declaration filed on or before return day or any other day. The goods pretendedly attached were pretendedly condemned, and yet no declaration was filed in the suit in attachment. \* \* \*

We think we can safely assume that the judgment in this case was void, and a mere statement of the case as hereinbefore given without argument establishes that fact. For a judgment or decree

them in the injunction suit, he has full authority to act for them therein. Levy *v.* Brown, 56 Miss. 83.

Although attorneys have no authority to take a transfer of a judgment against a third party in payment of a claim held for collection, if several years elapse without objection by the client to such a settlement, it is proper to leave to the jury, under instructions, the question whether such conduct of the client was not a ratification. Bower *v.* Henshaw, 53 Miss. 345.

The rendition of a final decree of foreclosure ordering land sold to satisfy a trust deed ends the general implied authority of the defendant's attorney of record. Without new employment or express instructions, such attorney cannot afterward bind the defendant by consenting to a sale of the land under he decree *in solido*, instead of in tracts not exceeding 160 acres, as required by law. Person *v.* Leathers, 67 Miss. 548.

The general doctrine is, that an attorney who is employed in a suit may submit the matter in dispute to arbitration, because he may do anything, by the implied consent of his client, arising from his employment in the suit, which the court may approve in the progress of the cause. But in order for

rendered in a cause in which the court has no jurisdiction over the subject-matter is void.    5 Cush. 640; 9 S. & M. 613.

Want of jurisdiction to render a verdict may be shown collectively and avoids the judgment.    Putnam v. Man, 20 A. D. 686; Ib. 179.    *    *    *

A void judgment may be set aside and vacated at a subsequent term.    Lane v. Wheless, 46 Miss. 666.    *    *    *

It is not too late to raise the question of jurisdiction of the lower court over the subject-matter.    We can do it here.    Green v. Creighton, 10 S. & M. 159; Lester v. Harris, 41 Miss. 668.

There is no waiver in the court below, there could be none. Yallobusha v. Carbry, 3 S. & M. 529; Buckingham v. Bailey, 4 S. & M. 538; Bell v. Tombigbee R. Co., 4 S. & M. 549; Holloman v. Holloman, 4 S. & M. 550.

We ask that the case be reversed and the cause dismissed.


Brief of O. B. Collins:

The judgment of the court below should be affirmed because it is a judgment by consent.    *    *    *

Having consented to a judgment by which the attached property should be condemned, and by which his liabilities for a much larger sum were liquidated and settled, he could not now at this late day be allowed to complain and ask this court to relieve him from the terms of a consent judgment of his own making.

Is there anything illegal in the defendant in the court below consenting that his property seized under attachment should be

him to have this implied authority, there must be a suit pending which the attorney is employed to manage. He has no such implied power where there is no suit pending, much less to change the terms of a submission agreed to by his client. Hence, if the client agree to submit to the arbitration of seven men, and the attorney agree with the other party that five shall decide the matter, the award of the five will not be binding on the client. Jenkins v. Gillespie, 10 S. & M. 31.

A verdict for the plaintiff, in an action of replevin, must assess the separate value of each article embraced in the finding. Whatever, in common understanding, is regarded as parts of a whole, may be assessed together — as a carriage and harness, but where the articles are clearly distinct, as carriage and harness — they must be assessed separately. Drane v. Hilzheim, 13 S. &. M. 336.

When several articles are embraced in the finding, the judgment should require the delivery of each separate article found for the plaintiff, or the payment of its assessed value, so that upon the delivery of any one or more

condemned to pay a liability of his simply because that liability arises from a tort? Has he not the legal right to apply his property to just demands against him whether they arise *ex contractu* or *ex delicto?*

Was there anything illegal in his consenting to a judgment being entered up against his replevin bondsmen for the value of the attached property, they having sold the same and having pocketed the money, and having held to it with a tenacity that made the eagles squall? The value was estimated by the officers making the levy, and this by consent in the court below was taken as the value. * * *

This case should be dismissed under section 2309 of the Code of 1880, it being an appeal from a consent judgment, which is forbidden. Attorneys have power to compromise their clients' suit. Bouvier's Law Dictionary, vol. 1, p. 140, §§ 2, 6, 8; Jenkins *v.* Gillespie, 10 S. & M. 31.

OPINION.—CAMPBELL, C. J., delivered the opinion of the court:

Undoubtedly the judgment quashing the attachment was correct, but it was competent for the parties or counsel to have it put aside by consent and for the defendant to consent to a judgment against him; indeed, as he had been summoned to answer the declaration, he would have been liable to a judgment by default, if he had not pleaded, but he had pleaded, and it was admissible for him notwithstanding this to consent to a judgment, as the record shows

of the articles, the defendant would be discharged from the payment of the articles so delivered. Whitfield *v.* Whitfield, 40 Miss. 352.

In replevin by defendant of goods attached, the jury, if it finds for plaintiff, must assess the value of such goods as well as the amount due the plaintiff; a failure to do this will necessitate a reversal of the judgment. Bedon *v.* Alexander, 47 Miss. 254.

And where various articles of personal property are attached and replevied by defendant, the jury, in assessing the value of the property, should assess each article separately, as in detinue or replevin, since it is the right of the sureties to discharge a judgment *pro tanto* by surrender of a portion of the property. Code 1871, § 1448; Thomason *v.* Wadlington, 53 Miss. 560.

A judgment against the defendant in attachment in legal effect condemns to sale the property seized; and a formal recital of such condemnation is unnecessary. Sale *v.* French, 61 Miss. 170.

A verdict in replevin for different articles, which fails to separately value them, will be reversed for a writ of inquiry; but in other respects it will

Opinion of the Court.

he did. The judgment against him was made proper by his consent, and his sureties on the replevy bond could not gainsay it. The judgment against Lott must stand because he consented to it. The judgment against the sureties on the replevy bond is erroneous, because there was no ascertainment of the value of the separate articles replevied, separately, so as to admit of a return of any of them.

The judgment against Saunders and Fulgham will be *reversed,* and the case remanded for the execution of a writ of inquiry to ascertain the value of the goods and a proper judgment thereon against them.

---

not be disturbed. Rushing *v.* Rushing, 52 Miss. 329; Ketchum *v.* Brennan, 53 Miss. 596; Spratley *v.* Kitchens, 55 Miss. 578.

And this, although defendant, who has given bond for the forthcoming of the property, suffers judgment *nil dicit.* Atkinson *v.* Foxworth, 53 Miss. 723.

And a verdict in replevin will not be set aside because the jury fails to separately value a mare and her young colt, these being so intimately connected as to be ordinarily considered as one. Henry *v.* Dillard, 68 Miss. 536.

A failure to comply with the statute vitiates the verdict. Young *v.* Pickens, 45 Miss. 553; Bedon *v.* Alexander, 47 Miss. 254.

If the value of the property be not assessed, it is error to render judgment for the whole of plaintiff's demand against the sureties. Phillips *v.* Harvey, 50 Miss. 489.